*Court of Common Pleas, Lebanon County, January 26th, 1864.*

### STRICKLER *v.* LANDIS.

A person who agreed to serve as a substitute for another in the army of the United States, and received a note from him as part of the consideration for so doing, but only served a portion of this time, can recover a proportionate part of this note.

BY THE COURT.—This suit is broug    on a single bill for $400, which the evidence shows that Landis gave to Strickler for going as his substitute in the militia, drafted for nine months. The contract price for the substitute was $500, of which fifty dollars was paid in hand, and this obligation given for the residue. The contract to serve was in writing, as was also the acceptance by the government agent.  The plaintiff was enrolled at the camp, took the required oath, but deserted in about two weeks, returned home, and there remained until six months of the time had expired, after which, from some cause, probably because the company was stationed at Norfolk, a place of no danger, possibly on account of the President's proclamation offering forgiveness to those who would return, the plaintiff voluntarily rejoined his company and served nearly three months, until the expiration of the term, when he received a discharge in the usual form granted for full and faithful service.  The question presented is, can the plaintiff recover the whole or any part of the note?  The seal to this instrument imports sufficient consideration.  Nevertheless, the defendant may show that it has wholly or partially failed.  It is assumed by the plaintiff that if the defendant was exonerated from serving, it matters not to him whether the plaintiff performed the service or not; that the government was the only loser by the failure, and, therefore, he can have no defence.  We are of a different opinion. Every citizen is presumed to be honest and patriotic, and to act from proper motives; if he is unable to serve the country in person, that he desires to have another, who he employs faithfully to serve in his stead; he, therefore, has an interest in the services. If not performed at all, the consideration paid for full and faithful service wholly fails, if performed only in part partially fails, and the defendant can use such failure as a defence.  Besides, it is contrary to good morals and public policy to permit a person to recover on an obligation, the consideration of which is a contract to faithfully serve the public, when that service is never rendered, but fraudulently avoided.  It would be giving a premium to dishonesty to permit a party to recover under such circumstances. Therefore, whether we view this as a failure of consideration, a fraudulent violation of the contract, or a claim contrary to good morals and against the public policy, it is equally devoid of merit; and although the defendant may have displayed unpatriotic indif-

[Strickler *v.* Landis.]

ference as to the desertion of the public service by the plaintiff, and have said that were he in his place he would not return, yet as that was not stated to the plaintiff, or communicated to him, it cannot absolve him from the performance of his duty. We must decide this case on the general principles applicable to all others, a vast many of which appear likely to arise on these "*substitute*" obligations. Had the defendant given encouragement to the plaintiff to desert, or advised him to remain away, he would have been entirely devoid of merits, would have been *in pari delicto*, and could have made no defence. We are asked by the plaintiff to instruct you that the government officers, having given him what is called an *honorable discharge*, is conclusive that he fully performed his duty. We do not consider the discharge conclusive of anything, except carelessness in the officer giving it, as the desertion marked on the rolls was explained by the captain of the company at the time, and is clearly proved. The laws of the country should be so framed as to oblige every deserter to perform duty during the whole term for which he entered the service, and to make up for his unlawful absence. Unfortunately they are otherwise. But is there a good defence to the whole of this obligation? The defendant says there can be no apportionment of the contract; if the service was not fully performed nothing can be recovered. We think otherwise. The defendant can only be relieved on equitable principles. If the plaintiff contemplated a total desertion and avoidance of the service, yet he must be allowed a *locus pœnitentiæ*, and if he did repent, return, and perform one-third of the service, equity would say that he should have one-third of the reward. The whole consideration agreed to be paid was $500, fifty of which was paid in hand, and a note given for the balance. It may, therefore, be equitable for you to allow $166.66⅔ for service performed, give credit for the fifty dollars paid, and allow the plaintiff interest on the residue from the time he returned to the service. This will be doing substantial justice between these parties, and, perhaps, paying the plaintiff all that he earned.

AFFIRMED BY THE SUPREME COURT. Not reported.

*Boughter, for plaintiff.*

*Kunkel, for defendant.*